Douglas F, Cushnie
P.O. Box 500949
Saipan MP 96950
Telephone: (670) 234-6830
Facsimile: (670) 234-9723
E mail:

Attorney for: Plaintiff

F I L E D
Clerk
District Court

JUN - 8 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE
## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

EMERENCIANA PETER-       )     CIVIL ACTION NO.  07 - 0022
PALICAN,                 )
                         )
           Plaintiff,    )
                         )
        vs.              )          **COMPLAINT**
                         )             **and**
GOVERNMENT OF THE        )      **EXHIBITS 1, 2, 3**
COMMONWEALTH OF THE      )
NORTHERN MARIANA ISLANDS, )
and TIMOTHY P. VILLAGOMEZ, )
in his official and individual )
capacities,              )
                         )
           Defendants.   )
_____ )

Comes now Emerenciana Peter-Palican, plaintiff herein, and for this her complaint

states and alleges:

### FIRST CAUSE OF ACTION

1.  That this court has jurisdiction of this action pursuant to 28 U.S.C. § 1331, 28

U.S.C. § 1343, and 28 U.S.C. § 1367, in that this a claim brought under 42 U.S.C. § 1983,

alleging violations of the First, Fifth, and Fourteenth Amendments to the United States

Constitution, and claims under the supplemental jurisdiction of this court.

2. That plaintiff is a United States citizen, resident of Saipan, Commonwealth of the Northern Mariana Islands, and a person of Northern Mariana Islands descent.

3. That defendant Government of the Commonwealth of the Northern Mariana Islands is the entity governing the geo-political area described in 3 T.T.C. §1(1), as amended; defendant Timothy P. Villagomez is a United States citizen and at all times herein was acting as the Lieutenant Governor or Acting Governor of the Commonwealth of the Northern Mariana Islands.

4. That on August 24, 2000, plaintiff maintained a civil rights action pursuant to 28 U.S.C. §1983 in this court (Civil No. 00-0024) for unlawful termination of her employment from the Commonwealth.

5. That during the maintenance of said proceeding and as part of its ultimate resolution plaintiff was appointed on April 5, 2002 by Governor Juan N. Babauta, pursuant to Article III, Section 22 of the Commonwealth Constitution, to the position of Special Assistant for Women's Affairs, as evidenced by Exhibit 1, which is attached hereto and incorporated herein.

6. That at or about the time of the jury verdict in plaintiff's favor in said civil action on June 14, 2002, the court inquired of plaintiff whether there was anything else to be attended to, at which time plaintiff stated that she wanted her job back with civil service protection from termination as provided in the Public Service System Rules and

Regulations (PSSR&R).

7. That at that time counsel representing the Commonwealth stated in open court that the position plaintiff held as Special Assistant for Women's Affairs permitted termination only for cause, and further that the requirement was constitutionally established thus there was no need for plaintiff to take a civil service protected position.

8. That relying upon the assurances of counsel for the Commonwealth, plaintiff took no further steps to secure a position protected under the PSSR&R and remained as the Special Assistant for Women's Affairs.

9. That beginning January 8, 2006 a new political administration assumed office replacing Governor Juan N. Babauta and Lt. Governor Diego Benavente with Governor Benigno R. Fitial and Lt. Governor Timothy P. Villagomez.

10. That on February 6, 2006, plaintiff received a letter from defendant Villagomez, acting in his capacity as Acting Governor, informing plaintiff that her employment in the position of Special Assistant for Women's Affairs terminated as a matter of law on January 8, 2006, as evidenced in Exhibit 2, attached hereto and incorporated herein as if fully set forth.

11. That said letter also informed plaintiff that she was to vacate the office of Special Assistant for Women's Affairs on or before April 8, 2006, or the government would take legal action against her.

12. That plaintiff informed Villagomez by letter dated March 8, 2006, that her

-3-

position was constitutionally established and that she could only be terminated for cause,

as evidenced by Exhibit 3, attached hereto and incorporated herein as if fully set forth.

13. That Villagomez replied that plaintiff must vacate the office by April 8, 2006,

and plaintiff did in fact vacate the office of Special Assistant for Women's Affairs on

April 15, 2006.

14. That Article III, §22 of the Commonwealth Constitution reads in part as

follows: "a)  There is hereby established an Office of Special Assistant to the
          Governor for Women's Affairs.  The governor shall appoint a person
          who is qualified by virtue of education and experience, to be the special
          assistant.  The special assistant may be removed only for cause."

15. That plaintiff was not terminated from the position of Special Assistant for

Women's Affairs for cause, did not receive a hearing nor any information that termination

was for other than a new political administration entering office..

16. That plaintiff had a reasonable expectation of continued employment and as

such has a constitutionally protected property interest in such employment under the

Fourteenth Amendment to the United States Constitution.

17. That plaintiff's termination of employment by Villagomez violated plaintiff's

rights to procedural due process, denying her at a minimum the right to be heard at a

meaningful time and in a meaningful manner.

18. That plaintiff's salary during the period of her employment was $43,199.52

per annum and she has suffered damages in that amount multiplied by the period until she

is reinstated together with interest on said salary until paid, together with loss of accrued

annual leave, sick leave and retirement benefits.

## SECOND CAUSE OF ACTION

19.  That the allegations contained in the First Cause of Action are realleged and incorporated herein as if fully set forth.

20.  That plaintiff during the Commonwealth  gubernatorial campaign, which culminated in the general election held in November 2005, campaigned for and exercised her First Amendment rights of protected political speech in favor of various candidates, who ran for political office against defendant Villagomez.

21.  That plaintiff was terminated from her position as Special Assistant for Women's Affairs for exercising her First Amendment rights.

22.  That defendant had a reasonable expectation of continued employment and thus  has a liberty interest in her employment, and termination without complying with the minimum standards of procedural due process violates plaintiffs rights under the First and Fourteenth Amendments to the United States Constitution.

## THIRD CAUSE OF ACTION

23.  That the allegations contained in the First Cause of Action are realleged and incorporated herein as if fully set forth.

24.  That plaintiff is entitled to be reinstated to her position together with back salary and interest thereon, annual and sick leave and retirement benefits and accordingly a writ of mandamus or mandatory injunction should issue against Villagomez in his

official capacity ordering plaintiff's reinstatement.

## FOURTH CAUSE OF ACTION

25.  That the allegations contained in the First Cause of Action are realleged and incorporated herein as in fully set forth.

26.  That the statements made by counsel for the Commonwealth informing plaintiff she could only be terminated for cause were made with the intent that they be relied upon, and plaintiff did in fact rely upon said statements and declined to pursue a position with the Commonwealth that received protection from dismissal without cause under the PSSR&R.

27.  That defendant Commonwealth by asserting a legal and factual position through one of its attorneys upon which plaintiff relied to her detriment, is now estopped from taking a position totally contrary to that taken in prior legal proceedings.

## FIFTH CAUSE OF ACTION

28.  That the allegations contained in the First Cause of Action are realleged and incorporated herein as if fully set forth.

29.  That the appointment of plaintiff by the Commonwealth to the position of Special Assistant for Women's Affairs pursuant to Article III, § 22 of the Commonwealth Constitution created an employment contract between plaintiff and the Commonwealth.

30.  That said employment contract contains within it a covenant of good faith and fair dealing.

-6-

31. That the Commonwealth breached the covenant of good faith and fair dealing by terminating plaintiff without cause and without hearing.

WHEREFOR, Plaintiff prays for judgment over and against defendants as follows:

1. Against the Commonwealth of the Northern Mariana Islands for damages equivalent to plaintiff's loss of income, annual leave, and sick leave as alleged in the Fourth and Fifth Causes of Action, and reinstatement to her position with full pay and allowances including the right to repay withdrawals from retirement as alleged in the Third Cause of Action.

2. Against Timothy P. Villagomez, individually, for damages equivalent to plaintiff's loss of income, annual leave and sick leave as alleged in the First and Second Causes of Action, and in his official capacity for reinstatement to her position with full pay and allowances as alleged in the Third Cause of Action.

3. Against all defendants for attorneys fees, costs of suit, prejudgment interest and such other and further relief as the court may deem proper.

Dated this 8th day of June, 2007.

DOUGLAS F. CUSHNIE
Attorney for Plaintiff

DOUGLAS F. CUSHNIE F 108

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

DOUGLAS F. CUSHNIE
Attorney for Plaintiff



# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

**Juan N. Babauta**
Governor

**Diego T. Benavente**
Lieutenant Governor

0 5 APR 2002

Ms. Emerenciana Peter-Palican
P.O. 1061
Saipan, MP 96950

Dear Ms. Palican:

This is to inform you that, pursuant to Article III, Section 22 of our
Constitution, I am appointing you to the position of Special Assistant for
Women's Affairs. This appointment does not require the advice and
consent of the Senate and will take effect April 8, 2002.

As an appointee of the Governor, pursuant to 1 CMC §8511, you are
required to immediately file a statement of financial interests with the
Public Auditor (form enclosed).

The Lt. Governor and I have confidence in your abilities and look forward
to working closely with you.

Sincerely,

JUAN N. BABAUTA

Enclosure

CC:    All Department and Activity Heads



Exhibit 1

Caller Box 10007 Saipan, MP 96950   Telephone: (670) 664-2200/2300  Facsimile: (670) 664-2211/2311



# COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

**Benigno R. Fitial**
Governor

**Timothy P. Villagomez**
Lieutenant Governor

Ms. Emerenciana Peter-Palican
Special Assistant for Women's Affairs
Office of the Governor
Juan A. Sablan Admin. Bldg.
Capitol Hill
Saipan, MP 96950

FEB 0 6 2006

*Rec'd 2/09/06*
*11:00 am*

Re: Tenure of Special Assistant for Women's Affairs

Dear Ms. Peter-Palican:

As you are aware, the office of Special Assistant for Women's Affairs (to the governor) is one filled by gubernatorial appointment, and the person occupying that office serves at the will and pleasure of the governor, as do all gubernatorial appointees. See 1 CMC § 8131(a)(6).

You were appointed to that office by letter of April 5, 2002, from then-governor Juan N. Babauta, with your appointment being effective April 8, 2002. The letter does not indicate any fixed term for your service. However, the Request for Personnel Action and the Notification of Personnel Action concerning your appointment do indicate that your appointment was for a fixed term, commencing April 8, 2002, and expiring April 8, 2006. It is not known why these documents seemingly contain a fixed term for your appointment, but the ministerial actions of those responsible for completing the paperwork necessary to effectuate your appointment cannot and do not change the legal character of your appointment.

It is the position of this administration that your appointment terminated, as a matter of law, on January 8, 2006, when this administration formally took office, and that your continuing to occupy the office of Special Assistant for Women's Affairs is contrary to Commonwealth law and custom (all of the previous occupants of the office have resigned at the conclusion of the term of the appointing governor). Nonetheless, in a spirit of compromise and conciliation, the administration has decided to refrain from taking legal action against you until after April 8, 2006, should you continue with your occupancy of the office.

You are, therefore, informed that you must vacate the office of Special Assistant for Women's Affairs on or before April 8, 2006, or the government will take whatever legal action is appropriate.

Sincerely,

TIMOTHY P. VILLAGOMEZ
Acting Governor

Xc:    Governor
       Acting Director of Personnel
       Acting Attorney General
       Special Assistant for Administration

Exhibit  2

Caller Box 10007 Saipan, MP 96950  Telephone: (670) 664-2200/2300  Facsimile: (670) 664-2211/2311




# Special Assistant for Women's Affairs
## Office of the Governor
### Caller Box 10007, CK, Saipan, MP 96950
#### Commonwealth of the Northern Mariana Islands

March 8, 2006

COMMONWEALTH OF THE
NORTHERN MARIANA ISLANDS
OFFICE OF THE LT. GOVERNOR
TIMOTHY P. VILLAGOMEZ

MAR 1 0 2006

RECEIVED
By: _____
Time: 4:41 PM

Honorable Timothy P. Villagomez
Lieutenant Governor
Commonwealth of the Northern Mariana Islands
Caller Box 10007 C.K.
Saipan, M.P. 96950

Re: Tenure of Special Assistant for Women's Affairs

Dear Lt. Governor Villagomez:

I have received your letter of February 6, 2006 notifying me of the termination of my position as Special Assistant for Women's Affairs. You have referred to 1CMC §813 (a)(6) in support of the administration's position that the Special Assistant for women's Affairs serves at the pleasure of the governor.

Article II, Section 22, of the Commonwealth Constitution created the Office of Special Assistant to the Governor for Women's Affairs. Section 22.a) provides that the "special assistant may be removed only for cause." I am informed that the Constitution takes precedence over any statute. The Office of the Attorney General, during civil rights action against the government acknowledged in the U.S. District Court that the holder of the special assistant position may only be terminated for cause. You have not set forth any legal cause to terminate my appointment

Your letter also refers to a Notification of Personnel Action as a basis for limiting my appointment. The NOPA document was not signed by me, is solely for payroll purposes, and to my understanding will not supercede the Commonwealth Constitution. The comments by the Attorney General's Office mentioned above were made after the NOPA was issued.

With the foregoing being said, I do understand that an incoming administration desires to appoint its own political supporters to various positions. In light of this, I am prepared to discuss with you amicable resolution of this matter.

Sincerely Yours,

Emerenciana "Emi" Peter-Palican

Exhibit 3

Telephone: (670) 664-2293 & 664-2294 * Facsimile: (670) 664-2296 Email: govsawao@gtepacifica.net
WA Tinian Field Office Telephone (670) 433-4102 Facsimile (670) 433-2535 P.O. Box 59, San Jose, Tinian, MP 96952