MATTHEW T. GREGORY #F0205
Attorney General
LINDA L. WAUGH #T0046
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
2nd Floor, Juan A. Sablan Memorial Bldg.
Caller Box 10007
Saipan, MP 96950 - 8907
Telephone:   670-664-2341
Fax:         670-664-2349
Email:       lwaugh@hawaii.edu

Attorneys for Defendants

IN THE DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| EMERENCIANA PETER-PALICAN,<br><br>Plaintiff,<br><br>vs.<br><br>GOVERNMENT OF THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS and TOMOTHY P. VILLAGOMEZ in his official and individual capacities,<br><br>Defendants | CIVIL ACTION NO. 07-0022<br><br>DEFENDANTS' CORRECTED ANSWER TO PLAINTIFF'S COMPLAINT |

Defendants, through counsel, submit this Corrected Answer to Plaintiff's Complaint, correcting solely an error in Paragraph 15 herein.

**<u>ANSWER</u>**

Defendants through their attorneys submit this Answer to Plaintiff's Complaint:

1. In response to the allegations in Paragraph 1, to the extent the ultimate resolution of plaintiff's

claims turn on the interpretation of N.M.I. Const. art. III, §22, defendants deny this court has jurisdiction

2.  The allegations in Paragraph 2 are admitted.

3.  In response to the allegations contained in Paragraph 3, defendants admit that defendant CNMI is the governing body of the Northern Mariana Islands. Defendants further admit that defendant Timothy P. Villagomez is a citizen of the United States and began serving as Lieutenant Governor on January 9, 2006. Defendants deny that defendant Villagomez was acting as the Lieutenant Governor during all times relevant to plaintiff's Complaint.

4.  The allegations in Paragraph 4 are admitted.

5.  In response to the allegations in Paragraph 5, defendants admit that on or about April 5, 2002, Governor Babauta appointed plaintiff for a limited term to the position of Special Assistant to the Governor for Women's Affairs. Defendants further admit that the appointment occurred during the time plaintiff was pursuing the lawsuit identified in Paragraph 4 of plaintiff's Complaint. Defendants deny that the appointment was "part of [the] ultimate resolution" of plaintiff's case.

6.  Defendants lack sufficient information to form a belief as to the truth of the hearsay allegations contained in Paragraph 6 and so deny the allegations.

7.  Defendants lack sufficient information to form a belief as to the truth of the hearsay allegations contained in Paragraph 7 and so deny the allegations.

8.  In response to the allegations contained in Paragraph 8, defendants deny that "counsel for the

Commonwealth" made assurances, and further deny that plaintiff relied upon the alleged assurances. Defendants admit that plaintiff remained as Special Assistant to the Governor for Women's Affairs following the ultimate resolution of her case.

9. The allegations in Paragraph 9 are admitted, except that the new administration began on Monday, January 9, 2006. *See* N.M.I. Const. art. VIII, § 4.

10. The allegations in Paragraph 10 are admitted.

11. The allegations in Paragraph 11 are admitted.

12. The allegations in Paragraph 12 are admitted.

13. The allegations in Paragraph 13 are admitted.

14. The allegations in Paragraph 14 are admitted.

15. The allegations in Paragraph 15 are conclusions to which no answer is required. To the extent an answer is required, defendants admit that plaintiff was not terminated for cause and did not receive a hearing. Defendants deny that plaintiff was terminated, and further deny that plaintiff did not receive any information that her "termination was for any reason other than a new administration entering office."

16. The allegations in Paragraph 16 are conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

17. The allegations in Paragraph 17 are conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

18. In response to the allegations in Paragraph 18, defendants admit that plaintiff's annual salary at

the expiration of her appointment term was $43,199.52. Defendants deny that plaintiff's salary was $43,199.52 during the entire term of her appointment as Special Assistant to the Governor for Women's Affairs. The rest and remainder of the allegations in Paragraph 18 are conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

19. Paragraph 19 is an incorporating paragraph to which no answer is required. To the extent an answer is required, defendants repeat their answers as set out in Paragraphs 1 through 18.

20. Defendants are without sufficient information to form a belief as to the truth of the allegations contained in Paragraph 20, so the allegations are denied.

21. The allegations in Paragraph 21 are conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

22. The allegations in Paragraph 22 are conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

23. Paragraph 23 is an incorporating paragraph to which no answer is required. To the extent an answer is required, defendants repeat their answers as set out in Paragraphs 1 through 22.

24. The allegations in Paragraph 24 are conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

25. Paragraph 25 is an incorporating paragraph to which no answer is required. To the extent an answer is required, defendants repeat their answers as set out in Paragraphs 1 through 24.

26. The allegations in Paragraph 26 are denied.

27. The allegations in Paragraph 27 are denied.

28. Paragraph 28 is an incorporating paragraph to which no answer is required. To the extent an answer is required, defendants repeat their answers as set out in Paragraphs 1 through 27.

29. The allegations in Paragraph 29 are conclusions to which no answer is required. To the extent an answer is required, defendants admit that plaintiff had a limited term employment contract subject to the "Request for Personnel Action" signed by the Governor who appointed plaintiff, and also subject to the "Conditions of Employment," signed by plaintiff upon acceptance of the limited term appointment.

30. The allegations in Paragraph 30 are conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

31. The allegations in Paragraph 31 are conclusions to which no answer is required. To the extent an answer is required, the allegations are denied.

32. To the extent any allegation in plaintiff's Complaint is not specifically admitted, it is denied.

**DEFENSES**

1. This court lacks jurisdiction.

2. Plaintiff's claims are barred by the doctrine of res judicata.

3. Plaintiff's claims are barred by the doctrine of collateral estoppel

4. Plaintiff's claims are barred by the doctrine of claim preclusion.

5. Plaintiff is estopped from bringing this claim.

6. Plaintiff has failed to state a claim upon which relief can be granted.

7. Defendants are entitled to qualified immunity.

8. Defendant Villagomez is not liabile in his individual capacity.

9. The government may not be estopped on the same terms as other litigants.

10. A governor may not bind successor administrations through the appointment of Special Assistants to the Governor whose terms of office exceed the term of the appointing governor and continue into perpetuity.

11. Plaintiff's appointment was for a limited term and plaintiff completed that term.

12. Plaintiff accepted the appointment subject to the "Conditions of Employment" signed by plaintiff, which specifically provided that plaintiff could be removed without notice or cause.

13. The duration of plaintiff's appointment was specifically limited by the "Notification of Personnel Action."

14. A party represented by counsel cannot reasonably rely on alleged statements made by opposing counsel in the adversarial setting of litigation.

15. It was the duty of plaintiff's counsel, not defense counsel, to protect plaintiff's interests.

16. It was the duty of plaintiff's counsel to assess the legal merits of any statements allegedly made by defense counsel regarding plaintiff's rights especially where, as here, plaintiff alleges reliance and plaintiff's counsel knew or had reason to know plaintiff might rely on the alleged statements.

17. It is the duty of plaintiff's counsel, not defense counsel, to ensure all terms of a settlement or

judgment favorable to plaintiff are accurately reflected in the judgment and order.

18. Plaintiff did not have a property interest in employment past the limited term of her appointment.

19. Punitive damages are not available.

20. Defendants reserve the right to assert additional defenses that might arise during the course of this proceeding.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request the following relief:

1. That Plaintiff take nothing by reason of the Complaint.

2. That the Court dismiss the Complaint with prejudice.

3. For such other and further relief as the Court deems just and equitable.

RESPECTFULLY SUBMITTED this 2nd day of July, 2007 by:

_____
LINDA L. WAUGH #T0046
Attorney for Defendants