Douglas-F, Cushnie
P.O. Box 500949
Saipan MP 96950
Telephone: (670) 234-6830
Facsimile: (670) 234-9723
E mail: abogados@pticom.com

Attorney for: Plaintiff

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| EMERENCIANA PETER-PALICAN, | ) ) ) | CIVIL ACTION NO. 07-0022 |
| Plaintiff, | ) ) ) | DECLARATION OF PLAINTIFF IN SUPPORT OF MOTION FOR |
| vs. | ) ) | PARTIAL SUMMARY JUDGMENT |
| GOVERNMENT OF THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, and TIMOTHY P. VILLAGOMEZ, in his official and individual capacities, | ) ) ) ) ) ) ) | Date : Time: Judge: A. Munson |
| Defendants. | ) ) | |

Comes now Emerenciana Peter-Palican and declares under penalty of perjury that

the following information is true and correct to the best of her knowledge.

1. That I am the plaintiff in this action, have personal knowledge of the facts set

forth below and if called upon to testify would testify accordingly.

2. That I was appointed to the position of the Governor's Special Assistant for

Women's Affairs on April 5, 2002 by Governor Juan N. Babauta, a true and correct copy

-1-

DEFENDANT
EXHIBIT

7

of the appointment letter being attached hereto as Exhibit 1.

3. That subsequent to my appointment a "Request For Personnel Action" was issued regarding my appointment, attached as Exhibit 2, and a "Notification of Personnel Action", attached as Exhibit 3, neither of which I signed.

4. That I did sign the "Conditions of Employment", which are attached as Exhibit 4.

5. That after I was appointed as the Governor's Special Assistant For Women's Affairs and Exhibits 2, 3, and 4 were signed, trial was held in D.C.N.M.I. Civil No. 00-0024, at the conclusion of which, and after the jury had been discharged, I was present in court when Judge Munson asked if there were any other matters to be considered. Present besides myself were my attorney, Douglas F. Cushnie, the government attorney, Allan Dollison, and Juan I. Tenorio, Acting Personnel Director, who had testified for the government at trial.

6. That at that time I stated that I wanted my civil service position back with a lateral transfer. Mr. Dollison then said "Mrs. Palican are you going to give up the special assistant position for a civil service position." I said "Yes, because I thought I was protected in civil service and then we ended up in here." Mr. Dollison then said, "[B]ut your special assistant position is also protected under the constitution." I said "Oh, I didn't know that." Judge Munson, addressing Mr. Dollison, then asked isn't this position just effective under the Babauta-Benavente administration. Mr. Dollison then said "no,

your honor, under the constitution she can only be terminated for cause." Judge Munson then said words to the effect that if this case arises again will the Attorney General's Office represent Mrs. Palican. Mr. Dollison then said "Yes".

7. That I did not sign any document that was represented to me nor was I otherwise informed that my appointment as the Governor's Special Assistant for Women's Affairs would expire or could be terminated for other than cause as set forth in Article III, §22 of the Commonwealth Constitution.

8. That attached as Exhibit 5, is a true and correct copy of a letter dated February 6, 2006 addressed to me from the Hon. Timothy P. Villagomez, Acting Governor.

9. That attached as Exhibit 6, is a true and correct copy of a letter dated March 8, 2006 from me to the Hon. Timothy P. Villagomez, Lieutenant Governor.

10. That at no time did I receive any notice that I was terminated from my position for cause, nor was I afforded any hearing regarding my termination.

11. That I was ordered to vacate my office at Capitol Hill by April 8, 2006 or I would be physically removed from that office.

12. That I did vacate the office on April 15, 2006.

Executed this ___22nd___ day of December, 2007, at Saipan, Commonwealth of the Northern Mariana Islands.

_____
Emerenciana Peter Palican

-3-