David Lochabay
Asst. Attorney General
OFFICE OF THE ATTORNEY GENERAL
2nd Fl., Juan A. Sablan Admin. Bldg.
Capital Hill
Caller Box 10007
Saipan, MP 96950
Tel: (670) 664-2341
Fax: (670) 664-2331
E-mail: lochabay@justice.com

Attorneys for Defendants

## IN THE
## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| EMERENCIANA PETER-PELICAN | CIVIL ACTION NO. 07-0022 |
| Plaintiff, | |
| v. | DEFENDANTS' REPLY MEMORANDUM |
| GOVERNMENT OF THE COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS and TIMOTHY VILLAGOMEZ, in his official and individual capacities, | |
| Defendants | Hearing Date: February 28, 2008<br>Time: 9:00 a.m.<br>Judge: A. Munson |

**COMES NOW** Defendants herein, who would now file this Reply to Plaintiff's Opposition to Defendants' Motion for Summary.

Defendants would show the Court the following:

**I. 42 U.S.C. § 1983**

No reply required.

**II. First Amendment**

Plaintiff offers no evidence that she lost her job by reason of campaigning for Gov. Babauta. Statements like "Politics is universally a process of rewarding your friends and punishing your enemies" are not evidence. *See Fn. 1, p. 2.*

**III. Fifth Amendment**

No reply required.

## IV. Liberty Interest

There is not, and has never been, any allegation by Defendants that Plaintiff did anything "wrong." Defendants maintain that her employment ceased because she had completed the term of her service, whether by virtue of the change of administrations or the fixed term stated in her employment documents. This carries no implication of impropriety. Plaintiff offers no evidence that her reputation has been tarnished in any way.

## V. Property Interest

The Commonwealth reasserts that she had no property right in continuing employment after the change of administrations and/or the expiration of her term of employment as stated in her contract.

## VI. Qualified Immunity

Plaintiff claims that an untested and ambiguous constitutional phrase constitutes "clearly established law of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396.

Let us look at the legal landscape confronting Lt. Gov. Villagomez at the time he sent his letter of February 6, 2006. The constitutional amendment creating the office of Special Assistant for Women's Affairs was ratified by the voters in November, 1985. It states that a Special Assistant may only be removed for cause. It does not state any tenure for the office. On September 11, 1986, governor Pedro P. Tenorio appointed the first Special Assistant (Anicia Tomokane). She served until the end of his term, and resigned. All subsequent Special Assistants who were in office at the conclusion of a governor's term resigned at the end of that term. (Ex. 1-7, Dec. of Mathilda Rosario and accompanying exhibits).[1]

---

[1] In his Declaration attached to Plaintiff's Response, Juan I. Tenorio states that Ms. Ana Teregeyo held the Special Assistant's position through "all or part of the gubernatorial administrations of at least two governors and into the administration of Governor Babauta." (Tenorio Dec., ¶ 7). In fact, the records of the Office of Personnel Management show that Ms. Teregeyo was appointed Special Assistant by Gov. Pedro P. Tenorio on January 18, 2000, and resigned on January 12, 2002, at the end of the Tenorio administration and prior to the Babauta administration assuming office. (Ex. 7). Her resignation papers show her reason for resignation as "Completed Appointment/Political Appointee." Defendants have no doubt that Juan Tenorio simply misremembered the true facts regarding Ms. Teregeyo's tenure as Special Assistant. But, it serves to bring to light Plaintiff's repeated references to

2

1     Through the terms of six Special Assistants, the Office of the Governor (and the Special Assistants) have created an agency interpretation of the tenure of a Special Assistant, and that interpretation is that the term of a Special Assistant is coextensive with that of the appointing governor.

    Agency interpretations of statutes are entitled to substantial deference if Congress has not unambiguously addressed the matter. *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-45, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). "'If the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.'" *Tyonek Native Corp. v. Secretary of Interior*, 836 F.2d 1237, 1239 (9th Cir. 1988), *Seldovia Native Ass'n., Inc., v. Lujan*, 904 f.d 1335, 1341 (both quoting *Chevron* at 2782). Although it is a constitutional phrase in issue in the case at bar, the same rules of construction apply to constitutional construction as to statutory construction.

    There was, and is, no case law addressing the tenure of a state gubernatorial appointee occupying a constitutionally created office with "removal for cause" or similar protection. The closest cases are the constitutionally created civil service systems/mandatory retirement age cases discussed in Defendants Opposition Brief, although doubtless the Lt. Governor had no knowledge of these cases. There are no 9th Circuit cases even remotely close to the subject to the knowledge of Defendants.

    So, what the Lt. Governor was faced with was a constitutional provision which was silent as to tenure, an interpretation of tenure followed by the previous five administrations (and by the Special Assistants themselves without question), and no case law in any jurisdiction addressing the precise point in issue. It is difficult to conceive of a situation further from "clearly established law of which a reasonable person would have known."

    "Government officials, however, are not charged with predicting the future course of

---

the Commonwealth as being a "small place," and because of that persons "must have known" certain things. Mr. Juan Tenorio's remembrance of Ms. Teregeyo's tenure as Special Assistant is about as far off the mark as you can get, and illustrates the dangers of thinking that because a person is "in public office" and the Commonwealth is a "small place," that certain matters must be common knowledge. Or that ("any juror . . . would know that she lost her job as soon as her candidate lost". (Pl. Response, p. 6, ll 16-20; p. 8, ll 21-26). Such statements are unreliable, not evidence before the Court, and should be disregarded as a matter of course.

3

constitutional law." *Ostlund v. Bobb*, 825 F.2d 1371, 1374 (9th Cir. 1987) (Quoting *Bilbrey by Bilbrey v. Brown*, 738 F.2d 1462, 1465 (9th Cir. 1984) and *Wood v. Strickland*, 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 [1975]).

### VII. Breach of Contract

Defendants' argument re breach of contract is that the term of her service had expired and there was no contract to breach, whether that contract is measured by the term of the appointing governor or the fixed term of years stated in her employment documents.

### CONCLUSION

Plaintiff's Motion for Partial Summary Judgment should be denied.

Defendants' Motion for Summary Judgment should be granted.

Respectfully submitted,

/s/ David Lochabay
David Lochabay
Asst. Attorney General
Office of the Attorney General
Attorneys for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing was e-filed this 21st day of February, 2008, with service requested to Douglas F. Cushnie, attorney for Plaintiff.

/s/ David Lochabay